In The Court Of Criminal Appeals
Of Texas 33rd

3-16-17                                    34,467-18

Tr. Ct. No. 72791-E  WR 34,467-15
Tr. Ct. No. 72792-G  WR 34,467-16

Christopher Handy

vs.

State of Texas

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 22 2017

Abel Acosta, Clerk

Request For Mandamus Order
To Exercise Article 11.07 Pursuant
State Law and Federal Exhaustion
State Remedies Law.

theres Mistakes in the Writs

Orders to Dismiss
WR-34, 467-16
I did not attack two convictions
I challenged an enhancement —
Open indictment that contained
my illegal conviction.
See your Court Ruling. Exparte
David Wayne Griffin 679 s.w. 2d 15 1984.

-1-

An "Applicant remains vulnerable to the collateral consequences of his conviction even if he is no longer in custody. Ex parte Ormsby, 676 S.W. 2d 130 (Tex Cr. App. 1984). The record shows that applicant is under indictment in Harris County for theft, and that the conviction he attacks has been used to enhance the indictment, as provided in V. T. C. A. Penal Code, Sec 12.42 A habeas corpus applicant may collaterally attack a prior conviction used to enhance an indictment after conviction ~~used to enhance~~ on the indictment even though he obtains no meaningful relief by his effort. Ex parte Ridley, 658 S.W. 2d 177 (Tex. Cr. App 1983). It follows this applicant may attack the prior conviction used to enhance the indictment before he is convicted on it, and thereby diminish the punishment he risks"

At the time and on the date I filed the Article 11.07 I was not convicted on the open indictment, Does not the Habeas Appeal records reflect two seperate forms?

-2-

Your ruling is violating my constitutional Rights to exercise Habeas Corpus. My Rights to exhaust State Court Remedies.

There wasn't a State Habeas form when I was convicted. My crime was consummated in 1996 and there was not a State, Texas Habeas Corpus Application Form. Bottom line is I did not attack two convictions on one form. Your ruling is based on mislead, false information.

WR-34,467-15 Ruling

The TDCJ-ID record Custodian is used the Sentence and Judgement in Tr. Ct. No. 727971-E to take away my Mandatory Supervision Parole and that is a retrospective direct Collateral consequent that effects my present custody.

-3-

My present custody violates the Ex Post Facto Law. The Judgement and sentence has been reborn and attached to brand new custody I'm in custody on T27971-E.

A statue which authorizes a conviction for an offense on a prosecution for another offense is also expost facto. See Simco v. State (1880) 8 Tex. Crim. 406.

the State of Texas has multiple offenses and convictions prosecution in one trial and how could the State created a bar and limit The Great Writ Habeas Corpus. Over all I did not challenged two convictions in the one and Same form.

I need to exercise the Habeas Appeal remedy Article 11.07 to exhaust State Court Remedies.

## Relief Request

...Please rescind the Orders and allow me to attack the convictions in their seperate forms. The Rulings were made on Misinformation of a Constitutional Magnitude.

I declare under penalty of perjury that the foregoing herein are true and correct. to the best of my knowledge.

3-16-17